IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-299-BO

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 465,<br>Plaintiff, | )<br>)<br>)<br>) | |
| | ) | |
| v. | )<br>) | O R D E R |
| ABM GOVERNMENT SERVICES, LLC,<br>Defendant. | )<br>)<br>)<br>) | |

This cause comes before the Court on plaintiff's motion to confirm and enforce the

arbitration award and for attorney's fees. [DE 11]. Defendant has responded, [DE 17], plaintiff

replied, [DE 19], and the matter is ripe for disposition. A hearing was held before the

undersigned on January 24, 2017, in Raleigh, North Carolina. For the following reasons,

plaintiff's motion is granted.

BACKGROUND

Plaintiff brought this action pursuant to Section 9 of the Federal Arbitration Act ("FAA"),

9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

§ 185. Plaintiff International Union of Operating Engineers, Local 465 is an unincorporated

association, and a labor organization within the meaning of the National Labor Relations Act

("NLRA"), 29 U.S.C. § 152(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Plaintiff

represents employees at Fort Bragg's Womack Army Medical Center ("Womack"), and is party

to a collective bargaining agreement with defendant which contains a mandatory arbitration

agreement. Defendant is a contractor at Womack.

In January, 2015, defendant terminated the employment of union steward Richard

Concord. Plaintiff challenged the discipline and termination of Mr. Concord, contending that the

termination violated the collective bargaining agreement between the parties and the NLRA.

Plaintiff pursued its grievances to arbitration as provided by the collective bargaining agreement.

Defendant and plaintiff fully participated in the arbitration and presented evidence and

arguments to the arbitrator. Neither party presented any evidence that the Army would not allow

Mr. Concord to work at Womack or that it would be impossible for defendant to reinstate Mr.

Concord to his former position at the facility.

In March, 2016, the arbitrator issued his decision. The arbitrator found that defendant had

violated the collective bargaining agreement and the NLRA and issued an award favoring

plaintiff and Mr. Concord. In his award, the arbitrator ordered defendant, *inter alia*, to "rescind

[Mr. Concord's] termination, remove it from his record, pay him full back pay, and reinstate him

to his position with no loss of seniority or benefits." [DE 1-3 at 42].

On May 31, 2016, plaintiff filed a complaint with this Court, asserting that defendant has

failed to comply with the award. [DE 1]. On September 30, 2016, plaintiff filed a motion to

confirm and enforce arbitration award and for attorneys' fees, again asserting that defendant has

not complied with the award but has instead offered Mr. Concord a position at a different

hospital two hours away from Mr. Concord's home, at Seymour Johnson Air Force base, and has

refused to give full back pay. [DE 11]. Defendant responded in opposition, stating that it does

not challenge the merits of the award, but arguing that remand of the award to the arbitrator is

necessary for the limited purposes of clarifying the reinstatement provision and method for

calculating back pay. [DE 17]. Defendant argues that the award is ambiguous and that it

specifically states that the arbitrator retains jurisdiction for a reasonable period to resolve any

disputes over the application of the opinion and award. *Id.* Finally, defendant argues that it is impossible to reinstate Mr. Concord to his position at Womack. *Id.*

DISCUSSION

Plaintiff's motion seeks substantially the same relief that is sought in its complaint, and therefore the Court will construe the motion as one for summary judgment. A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007).

Arbitration "is a major factor in achieving industrial peace, a vital force in establishing confidence and minimizing confusion at all levels of the labor-management relationship and a major constructive force in the collective bargaining process itself." *Richmond, Fredericksburg & Potomac R. Co. v. Transp. Commc'ns Int'l Union,* 973 F.2d 276, 278 (4th Cir. 1992) (internal quotations and alterations omitted). Accordingly, "judicial review of an arbitration award must be an extremely narrow exercise." *Long John Silver's Rests., Inc. v. Cole,* 514 F.3d 345, 351 (4th Cir. 2008). In fact, it is "among the narrowest known to law." *U.S. Postal Serv. v. Am. Postal Worker's Union, AFL-CIO,* 204 F.3d 523, 527 (4th Cir. 2000).

For these reasons, a district court is not authorized to review the merits of an arbitrator's decision, but "is limited to determining whether the arbitrators did the job they were told to do—not whether they did it well, correctly, or reasonably, but simply whether they did it." *Remmey v. PaineWebber, Inc.,* 32 F.3d 143, 146 (4th Cir. 1994) (quotation and citation omitted). The limited appellate review reflects a strong policy favoring arbitration as an alternative to litigation.

3

*Id.* at 145. The parties to an arbitration have bargained for the arbitrator's, rather than the court's, decision, thus "the reviewing court's task is to enforce the bargained-for decision of the arbitrator and not to evaluate the arbitrator's factual findings or legal analysis." *Richmond, Fredericksburg & Potomac R.R. Co.*, 973 F.2d at 281. "Any more probing review of arbitral awards would risk changing arbitration from an efficient alternative to litigation into a vehicle for protracting disputes." *Wachovia Secs., LLC v. Brand*, 671 F.3d 472, 478 n.5 (4th Cir. 2012).

Neither party disputes the propriety of the arbitrator's exercise of jurisdiction to resolve this labor dispute. Additionally, defendant does not dispute the merits of the arbitration award, has stated that it is not seeking to vacate or modify the award, and does not deny that Mr. Concord has not yet been granted the relief he has sought. Instead, in opposing plaintiff's motion to confirm the award, defendant has stated that it only disputes the meaning of the award, and has taken the position that the award is ambiguous and must be remanded to the arbitrator for clarification.

The issue before this Court, therefore, is whether the award should be remanded for clarification. Parties to collective bargaining agreements use arbitration because of "[t]he need for speedy and final resolution of labor disputes, preferably without recourse to the courts[.]" *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 71 n.7 (1981). "Parties may not seek a 'second bite at the apple' simply because they desire a different outcome. To permit such attempts would transform a binding process into a purely advisory one." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994). Accordingly, the jurisdiction of a court to remand an arbitration award for clarification is extremely limited, and an award need not be remanded for clarification unless it is ambiguous. *See MCI Constructors, LLC v. City Of Greensboro*, 610 F.3d 849, 863 (4th Cir. 2010) (affirming denial of motion to remand where award was not ambiguous); *Local 1829 of*

*United Mine Workers of Am. v. Island Creek Coal Co.*, 157 F.R.D. 380, 384 (N.D.W. Va. 1994). Moreover, "courts must approach remand to the arbitrator with care lest the arbitrator believe that a 'remand' is equivalent to 'retrial' with an expectation of an opposite result the second time around." *Raymond James Fin. Servs., Inc. v. Bishop*, 596 F.3d 183, 191 (4th Cir. 2010).

In seeking clarification of the arbitration award, defendant argues that the meaning of the arbitrator's commands to reinstate Mr. Concord and give him back pay is ambiguous. After a close review of the award, the Court does not agree, and finds that the award bears no significant ambiguity necessitating remand.

Defendant argues that the award is unclear as to what permissible employment it may give to Mr. Concord in order to comply with the award, and whether its offer to Mr. Concord for a position at Seymour Johnson Air Force Base is in compliance with the award. In his award, the arbitrator required defendant to "rescind [Mr. Concord's] termination . . . and reinstate him to his position with no loss of seniority or benefits." [DE 1-3 at 42]. The Court does not agree that this language is ambiguous. By requiring that defendant reinstate Mr. Concord to "his position," it is clear that the arbitrator required that Mr. Concord be returned to the position he held before his termination and which was the very reason for the dispute. That position was as an HVAC Technician at Womack, and the Court cannot find that this command to return Mr. Concord to his position is ambiguous. S*ee USW Local 8249 v. Adbill Mgmt. Corp.*, 754 F.2d 138, 142 (3d Cir. 1985) (declining to remand because "we do not consider the phrase 'reinstate[ment] ... to their former employment' to be ambiguous"); *BPS Guard Servs., Inc. v. IUUPGWA, Local 228*, 45 F.3d 205, 211 (7th Cir. 1995) (recognizing that employment at different facilities "would not fulfill the 'reinstatement' awarded"). If the arbitrator intended to permit reinstatement to a position at some other facility, he could and would have said so. *See, e.g., USW v. Smurfit-Stone*

*Container Corp.*, 479 Fed. App'x 250, 252 (11th Cir. 2012) (addressing an award requiring the grievant be reinstated to "a comparable position, as nearly as possible, to the one from which he [was] discharged").

The meaning of this language is further bolstered by the arbitrator's command that defendant "rescind [Mr. Concord's] termination." Mr. Concord was only dismissed from one job, and the arbitrator required that dismissal to be reversed. Therefore, rescinding Mr. Concord's termination would mean restoring him to the status and position he held before the termination: as an HVAC Technician at Womack, and not to a different position or at a different location. There is no other reasonable way to interpret the language of the award.

Defendant also contests the meaning of the arbitrator's order that it pay Mr. Concord "full back pay" and argues that the arbitrator needs to determine whether this would allow for offsets. The courts have been consistent in interpreting and defining such a command. For instance, an "arbitrator's failure to mention offsets in his ruling means that no offset was granted, not that the ruling is ambiguous." *IUOE Local 841 v. Murphy Co.*, 82 F.3d 185, 190 (7th Cir. 1996); *accord Burlington Ins. Co. v. Trygg-Hansa Ins. Co. AB*, 261 Fed. App'x 631, 633 (4th Cir. 2008). No offset was mentioned, and so the award clearly establishes that no offset was granted. Moreover, the arbitrator explicitly awarded "full" back pay. An award of "full back pay" is completely unambiguous and does not allow for any mitigation offset. *See AFL-CIO v. U.S. Postal Serv.*, 938 F. Supp. 2d 555, 562 (W.D. Pa. 2013) (collecting cases and recognizing that "[t]his Court is not aware of a single judicial opinion holding otherwise").

For these reasons, the Court finds that the award is not ambiguous and that there is no reason to remand the award. There being no ambiguity in the award, any other defenses or disagreements defendant may have with the arbitration award are barred as they were not

6

presented to the arbitrator for consideration or in a timely motion to modify or vacate the award. Parties are "obliged to raise at arbitration all matters that were relevant to the outcome of the case—which certainly included the likely remedy of reinstatement with back pay." *UFCW Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 352 (4th Cir. 1989). Accordingly, a party's failure to raise a defense at arbitration precludes it from asserting it at a later date. *Id.*; *see also SEIU Local No. 36 v. Office Ctr. Servs., Inc.*, 670 F.2d 404, 412 (3d Cir. 1982) (stating that the failure to timely raise objections "which could have been raised in a motion to vacate, modify, or correct the award bars raising them in confirmation proceedings held thereafter."). Defendant's arguments relating to mitigation or the purported impossibility of reinstatement plainly could have been raised at the arbitration proceeding or in a motion to vacate or modify the award. Defendant has provided no reasonable justification as to why these defenses was not raised at the arbitration hearing or within the time allowed to dispute an award, despite its apparent awareness of those issues before the arbitration hearing even began. Therefore, each of defendant's challenges to confirmation of the award is without merit. *See BPS Guard Servs., Inc. v. UPGWA Local 228*, 45 F.3d 205, 208–09 (7th Cir. 1995) (rejecting impossibility defense raised for the first time in collateral judicial proceedings challenging arbitration award); *USW v. Smurfit-Stone Container Corp.*, 479 Fed. App'x 250, 253 (11th Cir. 2012) (rejecting company's impossibility defense where company failed to challenge arbitration award within three-month statute of limitations).

Section 9 of the Federal Arbitration Act provides that a Court must grant an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." 9 U.S.C. § 9. As the award has not been vacated,

7

modified, or corrected, and as there is no ambiguity necessitating remand, it is hereby confirmed. *See* 9 U.S.C. § 9.

Finally, plaintiff requests an award of attorney's fees for the costs of this litigation. Under the Labor Management Relations Act, attorneys' fees may be awarded against a party whose challenge to a labor arbitrator's award was "pursued in the district court 'without justification.'" *United Food & Commercial Workers v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989). When a losing party to an arbitration "challenges the remedial aspects of the awards" based on arguments that "were not made before the arbitrator, but for the first time in the district court," there "is no 'arguable basis' . . . for the procedure by which [the losing party] sought to challenge the remedial aspects" and an award of fees is justified. *Marval Poultry Co.*, 876 F.2d at 352 (reversing district court's denial of fees). Here, defendant challenged confirmation of the arbitration award based on defenses that were never raised before the arbitrator. As such, defendant's challenge was without justification. Accordingly, and in its discretion to award fees when justified, the Court awards attorney's fees since the filing of the complaint in the instant action to plaintiff. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975); *United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989). Plaintiff has fourteen (14) days from the date this order is entered to file an affidavit containing information on the pertinent attorney's fees amounts, and defendant has ten (10) days from the date plaintiff files the affidavit to respond, if desired.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to confirm and enforce the arbitration award and for attorney's fees [DE 11] is GRANTED. Accordingly, defendant is ordered to immediately and fully comply with the arbitrator's award by reinstating Mr. Concord to his former position as

8

an HVAC Technician at Womack Army Medical Center. Defendant is also ordered to pay Mr. Concord his wages, without offset, from the date of termination until the present, and on an ongoing basis until his reinstatement at Womack. Finally, defendant is ordered to pay plaintiff its reasonable attorneys' fees incurred in this litigation. Plaintiff's motion for leave to file [DE 26] is denied as moot. As enforcement of the arbitration award and attorney's fees were the only issues in dispute in this matter, the clerk is DIRECTED to close the case.

SO ORDERED, this 28 day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE